IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIM EDWARD MASSEY, ) | |
| ) | |
| Petitioner, ) | 1:08 CV 198 - WKW |
| ) | |
| vs. ) | CIVIL ACTION 07-0664-KD-M |
| ) | |
| BILLY MITCHEM, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S ANSWER**

Pursuant to this Court's October 26, 2007 order to show cause why a writ of habeas corpus should not be granted, the Respondent in the above-styled cause, by and through the Attorney General for the State of Alabama, submits the following Answer. As detailed in the procedural history and argument following, Jim Massey is not entitled to any relief whatsoever under the federal writ of habeas corpus. Massey's petition is due to be dismissed with prejudice because it is time-barred under Title 28 U.S.C. § 2254(d)(1).

**Procedural History**

1. On January 9, 1997, the Geneva County Grand Jury issued a two-count indictment charging Massey with capital murder and the lesser-included offense of murder. Ex. 1, pps. 1, 6. Massey initially pleaded not guilty, and his case was set

for trial on September 22, 1997. Ex. 1, p. 3, 4. On September 22, 1997, Massey withdrew his not guilty plea, and, pursuant to a plea bargain agreement, he pleaded guilty to the lesser-included offense of murder, as charged in count II of the indictment. Ex. 1, p. 6. The trial court adjudged Massey guilty of murder and sentenced him, pursuant to the Alabama Habitual Felony Offender Act, to life imprisonment. Ex. 1, p. 6.

2. Massey did not file a direct appeal; nor has he challenged his conviction in a petition for postconviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. See Petition, p. 3.

3. Massey executed the present habeas corpus petition on October 21, 2007. Petition, p. 13. As grounds for relief, Massey alleges that he was denied effective assistance of trial counsel, and, as a result of counsel's ineffectiveness, his guilty plea was not knowing and voluntary. Petition, p. 7; Brief in Support of Petition, pps. 7-14.

## Argument

**A.    Massey's petition is untimely.**

4. Massey's petition was not filed within the one-year statute of limitation set out in Title 28 U.S.C. §2244(d)(1) (1996); therefore, it is due to be dismissed as time-barred. Under Section 2244(d), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"This rule 'serves the well-recognized interest in the finality of state court judgments' and 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'" Drew v. Dept. of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2002) (citing Duncan v. Walker, 533 U.S. 167, 179 (2001)).

5. Massey did not file a direct appeal challenging his conviction; therefore, his conviction became final on November 3, 1997, the last day upon which he could have filed a notice of appeal pursuant to Rule 4 (b)(1) of the Alabama Rules of Appellate Procedure. 28 U.S.C. § 2244 (d)(1)(A); Bridges v. Johnson, 284 F. 3d 1201, 1202 (11th Cir. 2002) (holding that for purposes of determining the AEDPA one-year limitation period, where the defendant did not seek a direct appeal from his convictions, his convictions became final on the date that his right to appeal expired). Moseley's AEDPA limitation period expired one year later, on November 3, 1998. 28 U.S.C. §2244(d)(1) (1996).

6. Although AEDPA's statute of limitation may be tolled during the time that a "properly filed" state post-conviction petition is pending, 28 U.S.C. 2244(d)(2); Goodman v. U.S., 151 F. 3d 1335, 1337 (11th Cir. 1998), Massey cannot benefit from this tolling provision because he has never filed a post-conviction petition challenging his conviction.

7. Assuming, without conceding, that Section 2244 (d) allows for equitable tolling, see Lawrence v. Fla., 127 S.Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling.") Massey is not entitled to equitable tolling, "an extraordinary remedy[,]" which "is typically applied sparingly." Arthur v. Allen, 452 F. 3d 1234, 1252 (11th Cir. 2006); Steed v. Head, 219 F. 3d 1298, 1300 (11th Cir. 2000). Equitable tolling may be applied only if

the petitioner demonstrates both (1) "diligence in his efforts to timely file a habeas petition" and (2) "extraordinary and unavoidable circumstances." Arthur, 452 F.3d at 1252 (citing Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999) ). In the instant case, Massey has not alleged, much less established either his own diligence in ascertaining the federal habeas filing deadline or the existence of "extraordinary and unavoidable circumstances" that prevented him from timely filing his petition. Id. Accordingly, Massey is not entitled to equitable tolling. Id.

8. Massey's petition for writ of habeas corpus, to be timely, should have been filed no later than November 3, 1998. He filed the instant petition, at the earliest, on October 21, 2007, the date upon which he executed the petition. Petition, p. 13; see Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988). Because Massey's petition was filed eight years, eleven months and eighteen days after the statute of limitation expired, and equitable tolling does not apply, the petition should be dismissed as time-barred under Title 28 U.S.C. § 2244(d)(1).

**B. Should this Court find that Massey's petition is not time-barred, the Respondent requests permission to file a supplemental brief asserting any remaining defenses.**

9. If this Court finds that Massey's petition is not time-barred, the Respondent respectfully requests that this Court permit it to file a Supplemental Answer addressing any other applicable defense to the petition.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Massey's petition for writ of habeas corpus.

Respectfully submitted,

Troy King
*Attorney General*


s/Stephanie E. Reiland
Stephanie E. Reiland
*Assistant Attorney General*

6

# EXHIBIT

Exhibit 1        Record of Massey's conviction in the Geneva County Circuit Court, CC-97-0027

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>4th</u> day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Jim Edward Massey, AIS 109805, 28779 Nick Davis Road, Harvest, AL  35749-7009.</u>

        Respectfully submitted,

        <u>s/Stephanie E. Reiland</u> (REI036)
        Stephanie E. Reiland (REI036)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone: (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: sreiland@ago.state.al.us

349234/114942-001

**EXHIBIT 1**

```
ACS0370    A L A B A M A   J U D I C I A L   I N F O R M A T I O N
                            CASE ACTION SUMMARY
                            CIRCUIT CRIMINAL              CASE: CC 97 000027.00

  IN THE CIRCUIT COURT OF     GENEVA COUNTY                JUDGE: PBM
  STATE OF ALABAMA        VS  MASSEY JIM EDWARD
                              RT 1 BOX 100-A
CASE: CC 97 000027.00
                              HARTFORD, AL   36344 0000

DOB: 03/31/50  RACE: W  SEX: M       HT: 5 10  WT: 165  HR: BRO  EYE: BRO
SSN:422704389  ALIAS NAMES: EDDIE
CHARGE1: MURDER CAPITAL-VEH F         CODE1: CM17  LIT:MURDER CAPITAL-  TYPE:F
CHARGE2: MURDER CAPITAL-FIRED         CODE2: CM18                       TYPE:F
CHARGE3:                              CODE3:                            TYPE:
MORE?:       OFFENSE DATE: 01/06/97   AGENCY/OFFICER: ABI    TUCKER

DATE WAR/CAP ISS:                     DATE ARRESTED: 01/07/97
DATE    INDICTED: 01/09/97            DATE    FILED: 01/09/97
DATE    RELEASED:                     DATE  HEARING:
        BOND AMOUNT:  NO BOND  XXXXX                  SURETIES:

DATE 1: 02/06/97  DESC: ARRG          TIME: 0900 A
DATE 2:           DESC:               TIME: 0000
DEF/ATY: PAUL, WILLIAM J      TYPE: A  ROUSSEAU, DAVID WOODHAM  TYPE: A
PROSECUTOR: EMERY, DAVID C

OTH CSE: 9700002600    CHK/TICKET NO:                 GRAND JURY: 47349
COURT REPORTER:              SID NO: 000000000
DEF STATUS: JAIL             DEMAND:                  OPID: MEW
```

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 1/10/97 | MOTION TO QUASH INDICTMENT FILED BY PAUL.  mw |
| 1/13/97 | DISCOVERY RECEIPT FILED BY DA. |
| 1/13/97 | MOTION TO APPLY HEIGHTENED STANDARD OF REVIEW AND CARE IN THIS CASE |
|  | BECAUSE THE STATE IS SEEKING THE DEATH PENALTY FILED BY PAUL. |
| 1/13/97 | MOTION FOR FULL RECORDATION OF ALL PROCEEDINGS FILED BY PAUL. |
|  | (PROPOSED ORDER PREPARED BY PAUL 1/13/97) |
| 1/15/97 | Place on arraignment Docket for FEB 6 @ 9:00 A.M. PBM [handwritten] |
| 1/15/97 | PLACE ON ARRAIGNMENT DOCKET FOR FEBRUARY 6, 1997 AT 9:00 A.M. PBM |
| 1/15/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, EARLY, SHERIFF.  mw |
| 1/15/97 | ANSWER TO MOTION TO QUASH INDICTMENT FILED BY EMERY.  mw |
| 1/15/97 | ANSWER TO MOTION FOR FULL RECORDATION FILED BY EMERY.  mw |
| 1/15/97 | ANSWER TO MOTION FOR HEIGHTENED STANDARD FILED BY EMERY.  mw |
| 1/23/97 | MOTION FOR PERMISSION TO PROCEED EX PARTE ON APPLICATIONS FOR FUNDS BY PAUL. |
| 1/23/97 | MOTION TO PRESERVE EVIDENCE BY PAUL. |
| 1/24/97 | REPLY TO MOTION TO PRESERVE EVIDENCE BY EMERY. |
| 1/24/97 | MOTION FOR CELL TO HIMSELF BY PAUL. |
| 1/27/97 | REPLY TO MOTION FOR PRIVATE CELL BY EMERY. |

2.

ACSD369   ALABAMA JUDICIAL INFORMATION CENTER
CASE ACTION SUMMARY
CONTINUATION
CASE: CC 97 000027.00
JUDGE ID: PBM

STATE OF ALABAMA                    VS    MASSEY JIM EDWARD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 1/27/97 | MOTION FOR DISCOVERY OF PROSECUTION FILES, RECORDS, AND INFORMATION NECESSARY TO A FAIR TRIAL FILED BY PAUL.  mw |
| 1/29/97 | *All Motions will be heard at* [handwritten] |
| 1/29/97 | ALL MOTIONS WILL BE HEARD AT ARRAIGNMENTS. /S/ P. B. MCLAUCHLIN, JR. |
| 1/29/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF.  mw |
| 2/5/97 | MOTION TO DISMISS THE INDICTMENT OF THE GROUNDS THAT IT IS MULTIPLICITOUS AND EXPOSES THE DEFENDANT TO DOUBLE JEOPARDY FILED BY PAUL. |
| 2/5/97 | MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS THAT ITS TWO COUNTS ARE DUPLICATIONS FILED BY PAUL. |
| 2/5/97 | MOTION FOR ORDER PERMITTING DISCOVERY OF TRANSCRIPT, EXHIBITS, OTHER MEMORIALIZATION OF THE GRAND JURY PROCEEDINGS, AND LIST OF GRAND JURY MEMBERS FILED BY PAUL. |
| 2/5/97 | MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS OF INADEQUATE NOTICE FILED BY PAUL. |
| 2/5/97 | MOTION TO CONTINUE FILED BY PAUL. |
| 2/5/97 | MOTION FOR COURT TO SET A SEPARATE ARRAIGNMENT FILED BY PAUL. |
| 2/6/97 | Response to Motion to Postpone Arraignment, Reply to Defendant's Objection to Duplicity, Reply to Motion For Discovery of Grand Jury Proceedings and Discovery Receipt filed by Emery. |
| 2/6/97 | [handwritten notes, largely illegible: Motion to Continue Arraignment denied. D Arraigned on one Count & pleads not guilty. ... 30 days ... file motions ...] |

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

```
ACSD369     A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R
                        CASE ACTION SUMMARY
                           CONTINUATION                  CASE:   CC 97 000027.00
                                                         JUDGE ID:   PBM
```

STATE OF ALABAMA                   VS    MASSEY JIM EDWARD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 2/6/97 | MOTION TO CONTINUE ARRAIGNMENT DENIED. DEFENDANT ARRAIGNED IN OPEN COURT |
|  | AND PLEADS NOT GUILTY AND NOT GUILTY BY REASON OF MENTAL DEFECT. |
|  | DEFENDANT HAS TIME TO AMEND PLEAS AT ANY REASONABLE TIME PRIOR TO TRIAL. |
|  | DEFENDANT HAS TIME TO FILE ANY MOTIONS AT ANY TIME AND ANY MOTIONS ATTACKING |
|  | THE INDICTMENT OR GRAND JURY PROCEEDINGS AT ANY REASONABLE TIME AFTER |
|  | ARRAIGNMENT AND BEFORE TRIAL. NO MOTIONS OF ANY KIND ARE WAIVED DUE TO |
|  | ARRAIGNMENT AND PLEA. DEFENDANT HAS 30 DAYS FROM DATE RULED ON MOTIONS |
|  | (FEB. 12, 1997) ARGUED TODAY TO FILE MOTIONS. /S/ P. B. MCLAUCHLIN, JR., |
|  | CIRCUIT JUDGE. |
| 2/12/97 | RECEIVED FILE FROM JUDGE MCLAUCHLIN, JR. |
| 2/14/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |
| 2/18/97 | MOTION FOR PRIVATE TRIAL FILED BY PAUL. |
| 3/5/97 | 3RD EX PARTE MOTION FILED BY PAUL. (SEALED) BY mw |
| 3/5/97 | MOTION TO PRODUCE STATEMENTS FILED BY PAUL WITH PROPOSED ORDER. mw |
| 3/12/97 | ORDER TO PRODUCE STATEMENTS SIGNED BY PBM. |
| 3/12/97 | COPY OF ABOVE ORDER TO DA, SHERIFF, ROUSSEAU, PAUL. mw |
| 3/27/97 | OBJECTION TO CLOSED TRIAL FILED BY DISTRICT ATTORNEY. |
| 4/2/97 | *Set April 23 @ 1:30 - PBM* |
| 4/2/97 | OBJECTION TO CLOSED TRIAL SET FOR HEARING APRIL 23, 1997 AT 1:30 P.M. PBM |
| 4/3/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |
| 4/23/97 | *Motion for private trial denied. (signed)* |
| 4/23/97 | MOTION FOR PRIVATE TRIAL DENIED. PBM   CIRCUIT JUDGE |
| 4/23/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |
| 6/4/97 | PRE TRIAL CONFERENCE SET JUNE 18, 1997 AT 1:30 P.M. /S/ P. B. MCLAUCHLIN, JR. |
| 6/4/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |
| 6/18/97 | *Motion for to State to elect aggravating circumstances — Set July 2 @ 9:30 -(signed)* |
| 6/18/97 | MOTION FOR THE STATE TO ELECT AGGRAVATING CIRCUMSTANCES SET JULY 2, 1997 |
|  | AT 9:30 A.M. /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 6/19/97 | MOTION TO REQUIRE THE STATE TO ELECT AGGRAVATING CIRCUMSTANCES: & REQUEST |
|  | FOR DISMISSAL IF NO AGGRAVATING CIRCUMSTANCES EXIST FILED BY PAUL, ATTY. FOR |
|  | DEFENDANT. mw |
| 6/20/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |

4

ACSO369  ALABAMA  JUDICIAL  INFORMATION  CENTER
CASE ACTION SUMMARY
CONTINUATION                         CASE: CC 97 000027.00
                                     JUDGE ID: PBM

STATE OF ALABAMA                VS    MASSEY JIM EDWARD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 7/2/97 | *[handwritten]* State Elects not to Seek Death Penalty — No evidence as to aggravating circumstances required under 13A-5-49. Case will go to jury as Capital Murder — Shoot from Vehicle & Shoot into Vehicle, Murder — Manslaughter — No aggravating or mitigating hearing required. |
| 7/2/97 | *[handwritten]* Set for Trial Sept 22, 1997 @ 9:00 |
| 7/2/97 | STATE ELECTS NOT TO SEEK THE DEATH PENALTY. NO EVIDENCE AS TO AGGRAVATING CIRCUMSTANCES AS REQUIRED UNDER SECTION 13A-5-49. CASE WILL GO TO JURY AS CAPITAL MURDER -- SHOOTING FROM A VEHICLE -- SHOOTING INTO A VEHICLE; MURDER -- MANSLAUGHTER -- NO AGGRAVATING OR MITIGATING HEARING REQUIRED. |
| 7/2/97 | SET FOR TRIAL SEPTEMBER 22, 1997 AT 9:00 A.M. |
|  | /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 7/2/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, HUGHES, SHERIFF. mw |
| 7/9/97 | MOTION TO EXPUNGE, SUPPRESS, OR IGNORE PRIOR FELONIES FILED BY WILLIAM J. PAUL ATTORNEY FOR DEFENDANT. mw |
| 7/9/97 | *[handwritten]* Pres. pending motion — No entry. |
| 7/16/97 | *[handwritten]* w/ D consulted w/ her mother at Sentencing hearing. PBM |
| 7/22/97 | ADDENDUM TO MOTION TO EXPUNGE, SUPPRESS OR IGNORE PRIOR FELONIES FILED BY JOE PAUL, ATTORNEY FOR DEFENDANT. |
| 7/22/97 | REQUEST FOR EARLY DETERMINATION OF PREVIOUSLY FILED MOTIONS TO IGNORE PRIOR CONVICTIONS FILED BY JOE PAUL, ATTORNEY FOR DEFENDANT. |
| 7/30/97 | *[handwritten]* Pres. no entry |
| 8/13/97 | *[handwritten]* Pres. no entry |
| 8/22/97 | *[handwritten]* Read — Do not present again — Thanks. PBM |
| 8/22/97 | READ -- DO NOT PRESENT AGAIN -- THANKS. PBM |
| 8/25/97 | COPY OF CAS TO EMERY, PAUL, ROUSSEAU, SHERIFF. mw |
| 8/26/97 | MOTION FOR DISCOVERY OF INSTITUTIONAL RECORDS AND FILES NECESSARY TO A FAIR TRIAL FILED BY PAUL ATTORNEY FOR DEFENDANT. WITH PROPOSED ORDER. |
| 8/28/97 | REQUEST FOR APPROVAL OF PARALEGAL EXPENSE WITH PROPOSED ORDER FILED BY PAUL ATTORNEY FOR DEF. mw |

```
ACS0369   ALABAMA JUDICIAL INFORMATION CENTER
                  ACTION SUMMARY
                  CONTINUATION                      CASE: CC 97 000027.00
                                                    JUDGE ID: PBM
STATE OF ALABAMA                  VS   MASSEY JIM EDWARD
```

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 9/2/97 | MOTION FOR A JURY QUESTIONNAIRE FILED BY PAUL. mw |
| 9/3/97 | [handwritten: Jury Questionnaire to be given to jurors to fill out & return to clerk — clerk will give to Defense Counsel & D.A. PBM] |
| 9/3/97 | JURY QUESTIONNAIRE TO BE GIVEN TO JURORS WHEN REPORTING FOR JURY DUTY AND JURORS WILL FILL OUT AND RETURN TO CLERK. CLERK WILL GIVE TO DEFENDANTS COUNSEL AND DISTRICT ATTORNEY. /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 9/3/97 | COPY OF CAS TO EMERY, ROUSSEAU, PAUL, HUGHES, SHERIFF. mw |
| 9/3/97 | OBJECTION TO PLEA BARGAIN INTERROGATION FILED BY PAUL. mw |
| 9/3/97 | MOTION TO EXCLUDE DISTRICT ATTORNEY FROM DEFENDANT'S REQUIRES COLLOQUY FILED BY PAUL. |
| 9/11/97 | MOTION TO DECLARE STATUTE 13A-5-40 (17) UNCONSTITUTIONAL FILED BY PAUL. |
| 9/11/97 | MOTION TO DECLARE STATUTE 13A-5-40 (18) UNCONSTITUTIONAL FILED BY PAUL. |
| 9/12/97 | MOTION FOR SANCTIONS FOR HIDING EVIDENCE FILED BY PAUL. |
| 9/16/97 | MOTION IN LIMINE TO SUPPRESS PICTURES OF DEAD BODY FILED BY PAUL. |
| 9/16/97 | STIPULATION AS TO THE CAUSE OF DEATH FILED BY PAUL. |
| 9/17/97 | MOTION TO ENTER DENIAL OF MOTIONS ON CASE ACTION SUMMARY FILED BY PAUL. |
| 9/17/97 | MOTION TO PRE-ADMIT LETTERS FILED BY PAUL. |
| 9/18/97 | MOTION TO REMOVE SHERIFF FROM VENIRE FILED BY PAUL. |
| 9/19/97 | MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER FILED BY PAUL. |
| 9/19/97 | MOTION TO EXCLUDE AUTOPSY PHOTOGRAPHS FILED BY PAUL. |
| 9/22/97 | [handwritten, largely illegible: Reduced to Charge of Murder. D pleads guilty to lesser included offense of Murder as included in Count II ... Ct. accepts D's plea of guilty ... Court finds D guilty ... adjudges D guilty. D elects ... Habitual Offender ... 50 yrs VCF ... custody of Sheriff ... Sentence ...] |
| 9/24/97 | [handwritten: Count I nol prossed — Motion to ... w/o prejudice PBM] |

```
AC90369   ALABAMA  JUDICIAL  INFORMATION  CENTER
               (   )ACTION SUMMARY
                   CONTINUATION                    CASE: CC 97 000027.00
                                                   JUDGE ID: PBM

STATE OF ALABAMA              VS    MASSEY JIM EDWARD
```

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 9/22/97 | PLEA BARGAIN AGREEMENT FILED IN OPEN COURT. |
| 9/22/97 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY FILED IN OPEN COURT. |
| 9/22/97 | REDUCED TO CHARGE OF MURDER. DEFENDANT PLEADS GUILTY TO LESSER INCLUDED OFFENSE OF MURDER AS INCLUDED IN COUNT II OF THE INDICTMENT. ON PLEA OF GUILTY THE COURT FINDS THE DEFENDANT GUILTY AND ADJUDGES THE DEFENDANT GUILTY. DEFENDANT SENTENCED AS AN HABITUAL OFFENDER ( 2 PRIOR FELONIES) AND SENTENCED THE DEFENDANT TO LIFE IN THE STATE PENITENTIARY. DEFENDANT TO PAY COURT COSTS, INDIGENT ATTORNEY FEES, $50.00 V.C.F. AND RESTITUTION IF ANY. DEFENDANT REMANDED TO THE CUSTODY OF THE SHERIFF FOR EXECUTION OF SENTENCE.  /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 9/22/97 | COUNT I NOLLE PROSSED ON MOTION OF THE STATE WITHOUT PREJUDICE. /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 9/22/97 | TRANSCRIPT TO DOC AND SHERIFF. mw |
| 9/25/97 | Amended Transcript to DOC & SO. Copy to Rousseau & Paul. |
| 12/17/97 | MOTION FOR RECONSIDERATION OF ORDER FOR THE PAYMENT OF EXPENSES FILED BY A. LEE MILLER, III ATTY. FOR STATE COMPTROLLER. |
| 12/18/97 | Motion Set Jan 15 at 11:00 — |
| 12/18/97 | MOTION SET JANUARY 15, 1998 AT 11:00 A.M. /S/ P. B. MCLAUCHLIN, JR., CIRCUIT JUDGE |
| 12/18/97 | RESPONSE TO MOTION TO RESCIND ORDER GRANTING EXPENSES FILED BY JOE PAUL. mw |
| 12/19/97 | COPY OF CAS TO EMERY, PAUL, HUGHES, SHERIFF. mw |
| 12/19/97 | COPY OF NOTICE OF HEARING (CAS) TO A. LEE MILLER, III ATTY. FOR THE STATE COMPTROLLER. mw |

STATE OF ALABAMA
COUNTY OF GENEVA
This is to certify that the foregoing is a true and correct copy of the Document on file in my office.

Witness my hand and seal this _____20th_____ day of _____Nov_____, 20_07_

_____Gail Laye_____ Clerk/Register